# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JORGE DIAZ, JR.,

                  Petitioner,                Case Number: 2:14-11037
                                                HONORABLE SEAN F. COX

v.

CATHERINE BAUMAN,

                  Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO EXTEND TIME (Dkt. 17), AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 19), AND MOTION FOR SCHEDULING ORDER (Dkt. 20)

Petitioner Jorge Diaz, Jr., has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court are Petitioner's Motion to Extend Time to File Reply Brief, Motion for Appointment of Counsel, and Motion for Scheduling Order.

The Court allowed Petitioner 45 days from the date of a responsive pleading to submit a reply brief. Petitioner requests an additional ninety days to file his reply brief. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Petitioner claims to require additional time to prepare his reply brief because he is uneducated, has no experience with the law, and the prison legal writer assigned to his case is not immediately available to assist Petitioner. The Court finds that Petitioner has established good cause and grants the

motion.

Petitioner seeks the appointment of counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel and denies the motion.

Finally, Petitioner has filed a motion for scheduling order. Petitioner filed this motion in anticipation of the appointment of counsel. He maintains a scheduling order is required to allow appointed counsel time to amend the pleadings, seek discovery and file any necessary motions. The Court is not appointing counsel and no scheduling order is necessary or appropriate in this case.

Accordingly, the Court GRANTS Petitioner's Motion to Extend Time to File Reply Brief (Dkt. 17). Petitioner's reply brief (Dkt. 18) is accepted as timely filed.

The Court DENIES Petitioner's Motion for Appointment of Counsel (Dkt. 19) and

Motion for Scheduling Order (Dkt. 20).

      SO ORDERED.


Dated: September 7, 2018                    s/Sean F. Cox              
                                                  Sean F. Cox
                                                  U. S. District Judge


I hereby certify that on September 7, 2018, the foregoing document was served on counsel of record via electronic means and upon Jorge Diaz, Jr. via First Class mail at the address below:

Jorge Diaz 804502
ALGER MAXIMUM CORRECTIONAL FACILITY
N6141 INDUSTRIAL PARK DRIVE
MUNISING, MI 49862

                    s/J. McCoy           
                    Case Manager