**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JORGE DIAZ,

                Petitioner,                Case Number: 2:14-CV-11037
                                                        HONORABLE SEAN F. COX

v.

CATHERINE S. BAUMAN,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Jorge Diaz, currently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for two counts of first-degree murder, Mich. Comp. Laws § 750.316, two counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, one count of arson of a dwelling house, Mich. Comp. Laws § 750.72, and one count of assault with intent to rob while armed, Mich. Comp. Laws § 750.89. He raises three claims for relief. For the reasons explained below, the Court denies the petition and denies a certificate of appealability.

**I. Background**

This case arises from a machete attack inside an apartment in Port Huron on August 24, 2010. The Michigan Court of Appeals explained the circumstances leading to the convictions as follows:

> These crimes arose from the brutal attack of four persons with a machete inside an apartment. Two of the victims died of the severe wounds inflicted.
>
> * * *
>
> The two victims of the attack who survived testified that visitors to the apartment knocked before they were admitted. There was ample evidence presented at trial, including from defendant's own admissions to the police, that he entered the apartment while the victims were present and without their permission, while armed with a machete, and with the intent to steal either drugs or money from the residents. Defendant specifically told one police officer that he entered the apartment "as quiet[ly] as possible," hoping to go unnoticed until he inadvertently alerted the occupants to his presence. ...
>
> * * *
>
> These witnesses all testified that while waiting in the jail assessment area for their cases to be processed by the jail officials, they either made conversation with defendant, who was in a holding cell following his arrest, or overheard defendant's conversation with one of the witnesses, during which he admitted to killing two people and stabbing two people.

*People v. Diaz*, No. 305016, 2012 WL 3536984, *1, *3 (Mich. Ct. App. Aug. 16, 2012).

Diaz was convicted by a jury in St. Clair County of two counts of first-degree murder, two counts of assault with intent to commit murder, arson of a dwelling house, and assault with intent to rob while armed. On June 6, 2011, he was sentenced to these concurrent sentences: life imprisonment for each first-degree murder conviction; 30 to 50 years for the assault with intent to murder convictions and for the assault with intent to rob while armed conviction, and 13 to 20 years for the arson conviction.

Diaz filed an appeal of right in the Michigan Court of Appeals. He raised these claims through counsel and in a pro per supplemental brief: (i) the trial court improperly allowed the jury to consider two theories of guilt for the first-degree murder charge; (ii)

insufficient evidence supported his first-degree murder convictions; (iii) he received ineffective assistance of trial counsel; and (iv) the trial court improperly responded to a jury request to see evidence. The Michigan Court of Appeals affirmed Diaz's convictions, *id.*, and the Michigan Supreme Court denied Diaz's application for leave to appeal. *People v. Diaz*, 493 Mich. 921 (Mich. Dec. 26, 2012).

Diaz filed a habeas corpus petition in 2014. One month after filing the petition, he moved to stay the proceeding while he exhausted additional claims in state court. (ECF No. 7.) The Court granted the motion and stayed the case. (ECF No. 8.)

Diaz filed a motion for relief from judgment. He raised these claims: (i) *Miranda* waiver was involuntary; (ii) he was unable to assist counsel in his own defense because he was mentally incompetent; (iii) ineffective assistance of trial and appellate counsel; (iv) insufficient evidence to support convictions; (v) trial court improperly admitted his police statements; and (vi) extensive pretrial publicity violated his right to a fair trial. The trial court denied the motion. (ECF No. 16-18.) The Michigan Court of Appeals denied leave to appeal, *People v. Diaz*, No. 327283 (Mich. Ct. App. July 14, 2015), as did the Michigan Supreme Court. *People v. Diaz*, 499 Mich. 967 (Mich. 2016).

Diaz then filed this habeas petition, raising eight claims. After Respondent filed an answer in opposition, Diaz filed a reply brief withdrawing five claims (I-IV and VII) and portions of a sixth claim. The remaining claims are set forth here:

> I. Petitioner was denied his Fifth and Fourteenth Amendment rights to due process where he was not competent to assist with his defense at trial or during his appeal of right.

II. Petitioner was denied his Fifth Amendment and Fourteenth Amendment rights to effective assistance of counsel at trial where trial counsel: (1) failed to request a competency evaluation; (2) failed to call a mental health expert at the *Walker* hearing to testify regarding Petitioner's incompetency to support the suppression of incriminating statement.

III. Petitioner was denied his Fourteenth Amendment right to effective assistance of appellate counsel where appellate counsel failed to raise the issues presented in grounds four through seven of this amended petition in Petitioner's appeal of right.

Respondent has filed an answer in opposition and the relevant state court records and transcripts.

## II. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Greene v. Fisher*, 565 U.S. 34, 38 (2011). Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court]

cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.*

### III. Discussion

### A. Statute of Limitations

Respondent argues that Diaz's claims are time-barred because they were not included in the original petition. Respondent concedes that the original petition (which raised only claims Diaz subsequently withdrew) was filed within the one-year limitations period, but maintains that the claims raised in the amended petition are untimely because they do not relate back to the date of the original petition.

The statute of limitations is not a jurisdictional bar to habeas review. *Smith v. State of Ohio Dept. of Rehabilitation*, 463 F.3d 426, 429, n.2 (6th Cir. 2006). For this reason, a federal court may, in the interest of judicial economy, proceed to the merits of a habeas petition without deciding a timeliness issue. *LaMar v. Houk*, 798 F.3d 405, 415 (6th Cir. 2015). Here, the petition is resolvable against Diaz on the merits regardless of the timeliness of the claims added by amendment. Accordingly, the Court will assume

6

the petition was timely and proceed to the other procedural default and merits arguments. *See Ahart v. Bradshaw*, 122 Fed. App'x 188, 192 (6th Cir. 2005).

### B. Competency to Stand Trial

Diaz argues that he was denied his right to due process because he was not competent to stand trial and therefore unable to assist in his defense at trial and on appeal. Respondent argues that this claim is procedurally defaulted. Diaz raised this claim for the first time in his motion for relief from judgment. The state court held the claim was procedurally defaulted under Michigan Court Rule 6.508(D) because Diaz failed to raise the claim on direct appeal and because he failed to establish good cause for failing to do so. (Dkt. # 16-18.) When a petitioner's claim is denied in state court "due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Seymour v. Walker*, 224 F.3d 542, 50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87 (1977)). Here, Diaz's claim is procedurally defaulted and he may obtain habeas review of the claim "only by showing that were was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Id.* (citing *Sykes*, 433 U.S. at 87, 90-91).

As cause to excuse the procedural default, Diaz claims that appellate counsel was ineffective for failing to raise this claim on direct appeal. For ineffective assistance of appellate counsel to excuse a default, "it must meet[] *Strickland's* ineffectiveness

7

standard." *Kennedy v. Mackie*, No. 14-2342, 2016 WL 232133, at *9 (6th Cir. Jan. 19, 2016). The standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), requires Petitioner to demonstrate: (1) that his "appellate counsel's 'performance was deficient'" and (2) that "'the deficient performance prejudiced the defense.'" *Jones v. Bell,* 801 F.3d 556, 562 (6th Cir. 2015). If Diaz meets *Strickland's* high burden, the Court then considers whether he has shown "actual prejudice" to excuse the procedural default, a much higher standard than the *Strickland* prejudice standard. *Id.*

First, the Court considers whether counsel's performance was deficient. To demonstrate deficient performance, Diaz must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The Supreme Court has made clear that a criminal defendant has no constitutional right to demand that appellate counsel raise every possible colorable issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "'[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy," *Smith v. Murray*, 477 U.S. 527, 536 (1986), and may be "the *best* type of performance." *Jones*, 801 F.3d at 562 (emphasis in original). Thus, appellate counsel need not raise every nonfrivolous issue, but he or she must "exercise reasonable professional judgment." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003)

8

(citing *Jones*, 463 U.S. at 751-753). "In the appellate context, 'To establish deficient performance, [petitioner] must demonstrate that his appellate counsel made an objectively unreasonable decision by choosing not to raise other issues instead of [the challenged issue], meaning that issue 'was clearly stronger than issues that counsel did present.'" *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) (*quoting Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009)).

The trial court held that appellate counsel was not ineffective in failing to raise this claim on direct appeal. Although the trial court did not specifically cite *Jones*, the trial court cited *Strickland* and a state court case, *People v. Reed*, 198 Mich. App. 639, 646 (Mich. Ct. App. 1993), which cited the *Jones* standard. Applying these standards to Diaz's claims, the trial court held that "the issues chosen by appellate counsel were of a sound appellate strategy and had a better chance of success" than the competency issue. (ECF No. 16-18, PageID.1722.)

A defendant is competent when he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quotation omitted). "'[I]t does not follow that because a person is mentally ill he is not competent to stand trial.'" *United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (quoting *Newfield v. United States*, 565 F.2d 203, 206 (2d Cir. 1977)).

The evidence Diaz submits in support of his claim shows that he suffered from

mental health issues for some time. The psychiatrist who evaluated him shortly after his arrest concluded that Diaz met the criteria for bipolar disorder depressed type, a history of poly-substance dependence, and Post Traumatic Stress Disorder caused by the events leading to the criminal charges. (ECF 16-17, PageID.1687.) The psychiatrist also described Diaz's thought process as "coherent and goal oriented." (*Id.* at 1685.) Diaz reported experiencing anxiety, distress, crying episodes, and difficulty sleeping related to the August 24 incident. (*Id.* at 1684.) The psychiatrist found that while Diaz's insight and judgment were "impaired", his "[t]hought contents were organized, cognition is fairly good." (*Id.* at 1685.) The clinician found "no cognitive impairment." (*Id.*) Nothing in the psychiatrist's report or any other documents submitted by Diaz indicate that he lacked the ability to consult with his lawyer or could not understand the proceedings against him. Absent this evidence, the state court's conclusion that appellate counsel was not ineffective in failing to raise this claim is not contrary to or an unreasonable application of Supreme Court precedent. Therefore, Diaz has not established cause and cannot overcome his procedural default based on cause and prejudice.

Diaz also fails to demonstrate that a miscarriage of justice would result if the Court does not consider the merits of this claim. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to

support his [or her] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Diaz makes no such showing. This claim, therefore, is procedurally defaulted.

### C. Ineffective Assistance of Counsel Claims

Diaz withdrew all but two of his ineffective assistance of counsel claims. The two remaining claims – that counsel failed to request a competency evaluation and failed to call a mental health expert at the *Walker* hearing – were raised for the first time in his motion for relief from judgment. Respondent argues that these claims are procedurally defaulted for the same reason Diaz's first claim regarding his competency to stand trial was defaulted. As with the prior claim, the trial court did not reach the merits of these claims based upon a state procedural rule and the claims are procedurally defaulted. (Dkt. # 16-18.)

Diaz alleges ineffective assistance of appellate counsel to excuse this default. As discussed, the trial court (the last state court to issue a reasoned opinion regarding this claim) held that appellate counsel was not ineffective. To determine whether this decision was contrary to or an unreasonable application of Supreme Court precedent, the Court considers the strength of the omitted ineffective assistance of trial counsel claims.

First, Diaz claims counsel was ineffective for failing to request a competency evaluation. Counsel requested a criminal responsibility evaluation, but did not request a competency evaluation. (ECF No. 16-5, PageID.524) Counsel specifically stated that

11

there was no need to evaluate Diaz's competency and, as discussed above, Diaz fails to present any evidence indicating that he was incompetent. In the absence of such evidence, the trial court's decision denying Diaz's ineffective assistance of appellate counsel claim was reasonable.

Diaz also claims that counsel was ineffective in failing to call a mental health expert at the *Walker* hearing.[1] The trial court heard testimony from two officers who interviewed Diaz: Sergeant Brian Georja and Detective Karen Brisby, both with the Port Huron Police Department. Each testified that Diaz was responsive to questions and that nothing about his demeanor raised concerns about his well-being. Diaz testified about his past mental health history, including that he had been diagnosed with bipolar disorder and antisocial personality disorder. Diaz claims that during his police interviews, he was confused, anxious, panicked, claustrophobic, fatigued and hungry. Considering the totality of the circumstances, the trial court found no indication that the statements were coerced, that Diaz was suffering from any kind of ill health, that he was threatened, or that he was unable to understand or exercise his rights. The trial court credited the officers' testimony that Diaz was responsive and understood his rights. Diaz fails to provide any specific information about what an expert witness's testimony would have been or how it may have changed the results of the *Walker* hearing. He does not show that trial counsel's choice not to call a mental health expert at the *Walker* hearing was

---

[1] *People v. Walker*, 374 Mich. 331 (1965) requires the trial court to hold an evidentiary hearing when a defendant challenges the admissibility of a confession.

constitutionally deficient performance or, if it was, that it was prejudicial. *See Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). Appellate counsel's decision not to raise this claim on direct appeal, therefore, was not unreasonable.

Diaz fails to establish cause to excuse the default of his ineffective assistance of counsel claims. Further, as established, he fails to raise a credible claim of actual innocence which would allow the Court to consider the merits of Diaz's ineffective assistance of trial claims in spite of the procedural default. These claims are procedurally defaulted.

### D. Ineffective Assistance of Appellate Counsel Claim

Finally, the Court addressed Diaz's claim that his appellate counsel was ineffective for failing to raise on direct appeal the claims he raised in his state court collateral review in the context of the procedural default analysis. In sum, strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[T]here can be no constitutional deficiency in appellate counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). Diaz has not shown that appellate counsel's decision to omit the claims Diaz raised on state court collateral review was anything other than the "exercise [of] reasonable professional judgment." *Joshua*, 341 F.3d at 441. Therefore, the state court's denial of Diaz's ineffective assistance of appellate counsel claim was not contrary to or an unreasonable application of *Jones* or

13

*Strickland.*

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

The petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 11, 2020